INHABITANTS OF WENDELL *vs.* REUBEN FLEMING & others.

The constable of a town which had voted that the taxes should " on the 1st of October pass into the hands of the constable for collection," gave a bond of that date to the town, reciting that he had been chosen "collector of taxes," and obliging him to pay over to the town treasurer all the taxes which he should be legally required to collect by the assessors. *Held,* that the bond was valid, and estopped him and his sureties to deny the legality of his appointment and the sufficiency of his warrant, in an action on the bond to recover money received by him for taxes and not accounted for.

A bond executed to a town by its collector of taxes, and placed in the hands of the town treasurer, may be enforced against the collector and his sureties, without proof of its approval by the selectmen, pursuant to Rev. Sts. *c.* 15, § 80, or of its delivery.

ACTION OF CONTRACT upon a bond in the sum of $3000, dated October 1st 1855, and executed by Reuben Fleming as principal, and the other defendants as sureties, with this condition :

" Whereas the said Reuben Fleming has been chosen collector of taxes for said town of Wendell the current year, and has accepted said office, and been duly sworn to the discharge of his respective duty, now, if the said Reuben Fleming shall, as collector, as aforesaid, faithfully collect, account for and pay over to Otis Chittenden, town treasurer, all the taxes which he shall be legally required to collect by the assessors of Wendell aforesaid, and in accordance with the vote of said town, and fully and finally settle with the treasurer aforesaid on or before the last Tuesday preceding the first Monday of March next, then this obligation to be void, otherwise to be in full force and virtue."

Trial in Franklin at April term 1857, before *Metcalf*, J., who submitted the question of damages only to the jury, and took a

verdict for the plaintiffs, subject to the opinion of the full court upon the following case :

The town records were introduced, and showed the following proceedings : At the town meeting in March 1855, three thousand dollars were raised by vote of the town, and Reuben Fleming was chosen and sworn as a constable. At an adjourned meeting in April, " Voted, to have the taxes collected same as last year." The vote of 1854, thus referred to, was, " Voted, that all persons paying in to the treasurer on or before the 1st of October shall have six per cent. discount; after the 1st of October to pass into the hands of the constable for collection." At the meeting in November 1855, " Voted, that the remainder of the taxes be put up to the lowest bidder. Reuben Fleming bid them off at one per cent., and to give bonds satisfactory to the assessors." At the meeting in March 1856, " Voted, that the selectmen be directed to enforce the collection of the deficit money, if it is not paid within three days, or the bondsmen do not come forward and satisfy for the same." There was no other record as to the choice or oath of a collector of taxes for that year.

The assessors made out a list of the taxes assessed, amounting in all to $3041.34, and delivered it, with a warrant addressed " to Otis Chittenden, Treasurer and Collector of the Town of Wendell," to said Chittenden. He received taxes until the 1st of October, amounting to $1873.21. Immediately after the November town meeting, the assessors put the same list into Fleming's hands without any new warrant. He proceeded to collect taxes to the amount of $817.32, of which he paid over $279.33, and never accounted for the balance.

There was evidence that, after the bond was signed, one of the assessors, who was present at the signing, took it, and that it was delivered the same day to the town treasurer, in whose possession it afterwards remained.

No other evidence was offered by the plaintiffs. No evidence was offered by the defendants.

*D. W. Alvord & G. D. Wells,* for the defendants. 1. The bond declared on is void. The statutes authorize only the

taking of a bond to perform faithfully the duties of the office of collector, or constable; and provide that " every collector shall give bond to the town, in such sum as the selectmen shall require, and with sureties to their satisfaction, for the faithful discharge of the duties of his office." Rev. Sts. *c.* 15, § 80. But in this case it does not appear that the sum or the sureties were approved by the selectmen; or that the bond was ever delivered to or ac cepted by the selectmen or the assessors. The vote of the town that Fleming should give bond satisfactory to the assessors cannot affect the provision of the statute.

2. This bond, as well as the Rev. Sts. *c.* 8, § 1, bind Fleming to collect only such taxes as he has a warrant from the assessors to collect. But the only warrant issued in this case was to Otis Chittenden, town treasurer; and any taxes collected by the defendant under that warrant were collected by him as Chittenden's agent, and he is responsible for them to Chittenden.

3. The bond declared on states that Fleming had been chosen collector; but the proof is that he was chosen constable. The recital in the bond does not estop the defendant to prove the contrary by public records.

*C. Allen,* for the plaintiffs.

DEWEY, J. No collector having been appointed at the annual meeting holden in March 1855, by force of Rev. Sts. *c.* 15, § 33, Fleming, as constable duly qualified for that office, became the collector. The vote of April 1855, ordering the collection of taxes " same as last year," is found, by reference to the previous vote, to authorize the taxes after the first of October to pass into the hands of the constable for collection, thus giving direct authority to Fleming to collect such taxes as remained uncollected on the first day of October 1855. The bond given by the defendant is adapted to meet this state of things. Nor does the form of th recital in the bond, that " said Reuben Fleming has been chosen collector of taxes," affect the validity of the bond. Fleming was confirmed in the office of collector by the proceedings in Novem ber 1855, when it was voted " that the remainder of the taxes be put up to the lowest bidder," and Reuben Fleming was such lowest bidder, so far as that mode of electing a collector had any

validity. Assuming, however, that it had none, it still left him as collector by reason of his holding the office of constable. *Howard* v. *Proctor*, 7 Gray, 132. Fleming had given no other bond than that of the date of October 1st 1855, the same now in suit. This bond is apparently appropriate to an appointment to take effect on the 1st of October. To have reference to the vote of November subsequently, we must suppose it was redelivered. This may be so. In either aspect of the case, it was a bond to secure the faithful performance of the duties of Fleming in collecting and paying over to the town the remainder of the taxes uncollected by the town treasurer on the 1st of October.

As to those taxes, it is further objected that there was no special warrant to Fleming directing him to collect them, but they were placed in his hands with the same warrant with which they had been delivered to the town treasurer, directed to " Otis Chittenden, Treasurer " &c. But this furnishes no objection to charging the sureties for the neglect of Fleming in not paying over moneys he actually received for taxes, if it were otherwise as to any claim for damages for his omission to collect taxes.

He was *de facto* the collector of the taxes remaining unpaid on the first day of October 1855. He had as such received the tax bills for collection. He received large sums acting in the capacity of collector. To secure to him the benefits of such collectorship, and the receipt of the tax bills for collection, the defendants gave the bond in suit; and, in the opinion of the court, when called upon to account and pay over the money actually received by him as a collector of such taxes, the defendants are estopped to deny the legality of his appointment or the sufficiency of the form of the warrant under which he collected the same.

The bond was duly executed by the defendants and placed in the hands of the town treasurer, and is not now to be avoided by any allegation that the amount of the same was not fixed by the selectmen, and taken with sureties to their satisfaction; or that it was not delivered directly to them. The provisions in the Rev. Sts. *c.* 15, § 80, are directory as to the manner of giving bonds by one appointed collector; and the collector may

properly refuse to give a bond in any greater sum than the selectmen require. But if a collector voluntarily gives a bond to the town to secure his faithful discharge of the duties of the office of collector, and the same is accepted, it is a good and valid bond without any further evidence of the approval by the selectmen, of the sum, or the sureties.

The case of *Sweetser* v. *Hay*, 2 Gray, 49, is to the effect that an informal bond given by a collector of taxes to the selectmen of a town, may be enforced as a valid bond for the benefit of the town in the name of the selectmen. The position there taken is, that such bond is not to be avoided because not taken in strict conformity with the provisions of the revised statutes.

*Judgment on the verdict*